# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DEBRA K. HALVERSON, | |
| Plaintiff, | No. 18-CV-2075-CJW-KEM |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on a December 30, 2019 Report & Recommendation ("R&R") by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge. (Doc. 16). Judge Mahoney recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Debra K. Halverson's ("claimant") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (*Id.*, at 1). Claimant filed a timely objection on January 13, 2020. (Doc. 17). The Commissioner has not yet responded and the deadline for a response has not expired. Given the parties' earlier briefing on these issues, however, the Court will rule without waiting for a response. *See* LR 7(e).

For the following reasons, the Court **overrules** claimant's objections (Doc. 17), **accepts** Judge Mahoney's R&R without modification (Doc. 16), and **affirms** the decision of the Commissioner.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (citation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citation omitted).

To determine whether the Commissioner's decision meets this standard, the court "consider[s] all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "evidence [which] supports the Commissioner's decision [and] evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation

omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge]

3

would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

On August 22, 2015, claimant applied for Social Security benefits, alleging she was disabled due to fibromyalgia and pelvic inflammatory disease. (AR 12, 196, 200). On October 30, 2015, and January 21, 2016, the Commissioner denied claimant's application originally and upon request for reconsideration. (AR 12). On October 10, 2017, ALJ Matthew J. Gordon held a hearing on claimant's application. (*Id.*). On January 24, 2018, the ALJ found claimant was not disabled. (AR 12-19). On July 30, 2018, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-5).

On October 3, 2018, claimant filed her complaint with this Court. (Doc. 3). By June 21, 2019, the parties had fully briefed the issues. (Docs. 12-14). On June 24, 2019, the Court deemed the case ready for decision and referred it to Judge Mahoney for an R&R. (Doc. 16). In her brief, claimant argued the ALJ erred in two ways. First, claimant argued the ALJ erred by failing to develop the record of claimant's physical impairments. (Doc. 12, at 3-7). Second, claimant argued that the ALJ erred by failing

to provide good reason for the weight he afforded to opinions of claimant's treating physician and claimant's own subjective complaints. (*Id.*, at 7-9). Claimant also challenged the validity of the ALJ's appointment under the Appointments Clause. (*Id.*, at 9-13).

In her R&R, Judge Mahoney found that the ALJ properly discounted claimant's subjective complaints (Doc. 16, at 5-9), and the opinion of claimant's treating physician (*Id.*, at 9-11). Judge Mahoney further concluded that the ALJ did not err by failing to develop the record by obtaining a functional limitation opinion from a consulting physician because there was already sufficient medical evidence in the record to support the ALJ's conclusion. (*Id.*, at 12-14). Finally, Judge Mahoney found that claimant forfeited her ability to challenge the ALJ's appointment by not raising the issue before the Social Security Administration. (*Id.*, at 14-15).

## IV. CLAIMANT'S OBJECTIONS TO THE R&R

In her objections to Judge Mahoney's R&R, claimant asserts that Judge Mahoney erred on all three issues. Claimant argues that Judge Mahoney erred in failing to find that the consultative examination was deficient because it omitted an opinion about claimant's functional limitations. (Doc. 17, at 2). Claimant also argues that Judge Mahoney erred in finding there was sufficient evidence in the record to support the ALJ's conclusion because the consulting physician confirmed that claimant had fibromyalgia and therefore his opinion could not provide a basis for the ALJ to find claimant was not disabled. (*Id.*).

Claimant also argues that Judge Mahoney erred by misconstruing claimant's argument and case law in that claimant's ability to perform some daily tasks did not mean that she could perform a job that required her to sit for up to six hours a day. (*Id.*, at 3). Claimant also argues that Judge Mahoney should have remanded the case when she found the ALJ failed to address the opinions of claimant's treating physician. (*Id.*, at 3-4).

Finally, claimant argues that Judge Mahoney erred in rejecting her challenge to the ALJ's appointment for all the reasons claimant raised in her principal brief. (*Id.*, at 4-5).

## V. DISCUSSION

The ALJ found that claimant had "the following severe impairments: fibromyalgia, status-post left shoulder injury, pelvic pain syndrome, myalgias and myositis, lesions of the pelvic, sacral, lumbar, and thoracic regions not otherwise classified[.]" (AR 15). Despite these impairments, the ALJ found claimant had residual functional capacity ("RFC") to perform sedentary work

> such that she can push and pull as much as she can lift and carry; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequent overhead reaching with the non-dominant left upper extremity; occasional exposure to extreme cold; must avoid hazards such as unprotected heights and dangerous machinery.

(*Id.*). The ALJ found that claimant could still perform her past sedentary work as a claims processor for an insurance company. (AR 19).

The question before the Court is whether there is substantial evidence in the record as a whole to support the ALJ's conclusion. Judge Mahoney found there was. The Court agrees and finds that Judge Mahoney did not err in her analysis.

### A. *Alleged Failure to Develop the Record of Claimant's Physical Limitations*

Claimant argues that Judge Mahoney erred in finding the ALJ relied on an adequate examination by a consulting physician. (Doc. 17, at 2-3). Claimant insists the examination was deficient because it did not include opinions about claimant's functional limitation. (*Id.*, at 2).

Because Social Security Administration hearings are non-adversarial, an ALJ has an independent duty to fully and fairly develop the record even when a claimant is

represented by counsel. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). In assessing whether an ALJ has fulfilled this duty, a court must consider whether the record contained sufficient evidence for the ALJ to make an informed decision. *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001) (citations omitted). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). An ALJ's decision is proper if the ALJ has "develop[ed] a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994) (holding an ALJ fulfilled his duty to develop the record without further inquiring into claimant's non-exertional impairments or asking follow-up questions of a testifying witness). Absent unfairness or prejudice, a court should not remand the decision of an ALJ for failure to develop the record. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Judge Mahoney first found that the consulting physician's examination was not deficient because the ALJ did not ask for an opinion about claimant's functional limitation; he ordered an examination to get an updated medical evaluation because the extant medical records were dated. (Doc. 16, at 12). The Court agrees. There is nothing in the record suggesting the ALJ requested an opinion about claimant's functional limitations. (AR 78-79).

Judge Mahoney then found that the ALJ was not obliged to seek such an opinion from the consulting physician. (Doc. 16, at 12-13). Citing case law, Judge Mahoney noted that the ALJ's RFC determination must be supported by at least some medical evidence. (*Id.*, at 13). Reviewing the ALJ's decision and the medical evidence upon which he relied, Judge Mahoney found that there was some medical evidence to support the ALJ's RFC determination. (*Id.*). Simply because the ALJ could have asked the

consulting physician for a functional limitation opinion does not mean the ALJ had to do so, or that the ALJ's decision is necessarily deficient as a result.

In her objections claimant does not cite to any case for the proposition that an ALJ must order a consultative examination and elicit a functional impairment opinion from the examiner. Claimant does state that "[a] case on point for this situation was discussed in the principal brief." (Doc. 17, at 2, citing Doc. 12, at 5). At page 5 of claimant's principal brief, claimant cited two cases: *Brown v. Colvin*, No. 4:12-CV-3260, 2014 WL 200234, at *14-15 (D. Neb. Jan. 16, 2014), and *Hutsell v. Massanari*, 259 F.3d 707, 713 (8th Cir. 2001). In her objections, claimant does not specify which case she is referencing. In her principal brief, claimant did not discuss either case, nor provide a parenthetical explanation of the holdings of those cases.

Judge Mahoney did not address either case in her R&R, but the Court finds that her failure to do so was not error. In *Brown*, the district court applied the holding in *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), to the facts of that case. *Brown*, 2014 WL 200234, at *14-15. Judge Mahoney correctly pointed out that *Nevland* is inapplicable here because it applies only at Step Five of the analysis and the ALJ here never reached Step Five. (Doc. 16, at 13-14). In turn, then, *Brown* is likewise inapplicable here. *Hutsell* is also inapplicable to this issue as that case does not address a consultation examination. It appears claimant cited the case for the limited proposition that a consistent work history tends to support a claimant's credibility. *Hutsell*, 259 F.3d at 713 ("Hutsell's consistent work record prior to 1990, however, supports the credibility of her disability complaint[.]"). Claimant's credibility is, at best, related to the issue of whether the ALJ erred in failing to develop the record only under a harmless error analysis. But, as the Court has already found, the ALJ properly discounted claimant's credibility because her assertion of disabling limitations was inconsistent with her daily activity and medical records.

In short, the Court finds that Judge Mahoney properly found that the ALJ did not ask the consultative examiner for a functional limitation opinion, nor was the ALJ required to do so when there was sufficient evidence upon which the ALJ could base his findings. Thus, the Court overrules claimant's objection to Judge Mahoney's R&R on this ground.

### B. *Weight Given to Treating Physician Opinions and Subjective Complaints*

In her R&R, Judge Mahoney recommends the Court find the ALJ did not err in evaluating claimant's subjective complaints (Doc. 16, at 9), and did not err in failing to explicitly address opinions of claimant's treating physician contained in Family Medical Leave Act ("FMLA") forms (*Id.*, at 11).

When evaluating the credibility of a claimant's subjective statements, an ALJ must consider: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes or has taken to alleviate claimant's pain or other symptoms; (5) treatment, other than medication, claimant receives or has received for relief of claimant's pain or other symptoms; (6) any measures claimant uses or has used to relieve claimant's pain or other symptoms; and (7) other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ need not explicitly discuss every *Polaski* factor, so long as the ALJ acknowledges and examines each consideration before discounting claimant's subjective complaints. *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ may not discredit claimant's statements solely based on the absence of objective medical evidence, but may discount claimant's statements based on objective medical evidence to the contrary or

9

inconsistency with the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002); *Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993).

Like Judge Mahoney, the Court finds that the ALJ's decision adequately discussed the factors relevant to the *Polaski* analysis. (Doc. 16, at 6-7). The ALJ examined the medical evidence and claimant's daily activities against her description of disabling impairments. (AR 15, 18-19, 33-34, 55, 59). In her objection to Judge Mahoney's R&R, claimant asserts that Judge Mahoney misconstrued the case law (Doc. 17, at 3), but the Court finds her analysis sound. Judge Mahoney correctly found that *Brosnahan v. Barnhart*, 336 F.3d 671 (8th Cir. 2003) and *Ross v. Apfel*, 218 F.3d 844 (8th Cir. 2000), were distinguishable because the claimants' daily activities in those cases were far more limited than are claimant's here. (Doc. 16, at 7-8). The Court finds there was substantial evidence in the record as a whole for the ALJ to discount claimant's subjective statements about the intensity, persistence, and limiting effects of claimant's symptoms. Thus, the Court finds that the ALJ did not err in weighing claimant's credibility and overrules claimant's objection to Judge Mahoney's R&R on this issue.

Similarly, the Court finds that Judge Mahoney properly found that the ALJ did not err by failing to explicitly address opinions of claimant's treating physician contained in FMLA forms. In 2013 and again in 2015, claimant's treating physician, Dr. Edward Steinmann, completed FMLA forms for claimant, excusing her from work during fibromyalgia pain flares, which he estimated "may" occur two to four times a month and last one to four days per episode. (AR 322-25, 333-35). Dr. Steinmann also opined in these forms that claimant's fibromyalgia prevented her from "prolonged nonsupported sitting." (AR 323, 334). The ALJ reviewed and discussed Dr. Steinmann's medical records pertaining to claimant, but did not specifically mention the FMLA forms. (AR 16-18).

Citing appropriate case law, Judge Mahoney found that the qualified and vague nature of Dr. Steinmann's opinions (i.e., the use of the words "may," "prolonged," and "nonsupported"), the restriction of the limitation to pain flares, and the context of the opinions given in relation to the FMLA, did not require the ALJ to explicitly address them. (Doc. 16, at 10-11). The Court finds Judge Mahoney's analysis is sound. Dr. Steinmann's opinions did not reflect his findings of claimant's day-to-day functional impairments, but, rather, a recognition that during fibromyalgia pain flares that may occur occasionally that claimant should be excused from work under the FMLA. These of qualified, limited opinions provided in the context of accommodations under the FMLA were not of a type or nature that the ALJ was required to address them explicitly. There was otherwise sufficient medical evidence in the record as a whole for the ALJ to find claimant was not disabled. Thus, the Court finds that the ALJ did not err in failing to explicitly address the FMLA forms.

### C. *Appointments Clause Argument*

Claimant articulates no grounds for why the Court should find Judge Mahoney's R&R was erroneous on the Appointments Clause issue and makes only a general objection. (Doc. 17, at 4; "[Claimant] objects to the R&R's finding[ ] on this issue and continues to rely on her principal briefing."). Claimant does not assert that Judge Mahoney made an erroneous factual finding or misinterpreted the law. Indeed, claimant acknowledges that Judge Mahoney was "correct that this Court has uniformly found in favor of the Commissioner in response to this issue[.]" (*Id.*).

This objection fails to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file specific, written objections to the . . . report and recommendation . . . ." LR 72A (emphasis added). *Accord* FED R. CIV. P. 72(b)(2) (stating that "a party may serve and file specific written objections to the proposed findings and recommendations" (emphasis added)).

Claimant's general, nonspecific objection on this issue would require the Court to duplicate the work Judge Mahoney has already done, thus defeating the purpose of the R&R.

A court may exercise its discretion to treat such nonspecific objections as making no objection at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object"); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that district courts need not conduct a de novo review of a magistrate judge's order when the objecting party makes only a general, conclusory objection. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). *See also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation.").

Here, the Court exercises its discretion to review claimant's objection on the second issue for clear error. To do otherwise would defeat the purpose of an R&R. *See Whited v. Colvin*, No. C 13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Having found no clear error, the Court adopts Judge Mahoney's R&R on this issue.

Claimant, however, asks for relief from this Court that she did not request in her principal brief. Claimant attempts to distinguish this Court's prior uniform rulings on the Appointments Clause issue by asserting that "all of the prior decisions were provided where there was a lack of controlling authority on this issue." (Doc. 17, at 4). Claimant also notes that in November the Eighth Circuit Court of Appeals heard argument on

consolidated cases addressing this issue and that the Third Circuit Court of Appeals also heard arguments on this issue. (*Id.*). Claimant then asks the Court to "delay entering judgment" until after the courts issue opinions in one or both of these cases. (*Id.*).

The Court denies claimant's request to delay or stay entry of judgment. There is still no controlling authority on this issue at this time, and any opinion by the Third Circuit Court of Appeals would not be controlling in any event. Further, claimant has failed to make a sufficient showing to support a stay of judgment pending the outcome of an appeal in a different case. In *Arkansas Peace Ctr. v. Ark. Dept. of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993), the court held that a party seeking a stay must show: (1) the party's position is likely to succeed on the merits, (2) the party will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. Claimant has not made a showing under any of these factors. Thus, to the extent claimant's request that the Court delay entry of judgment constitutes a valid objection to Judge Mahoney's R&R, it is overruled. *See Gilbert v. Saul*, No. C18-2045-LTS, 2019 WL 4751552, at *20 (N.D. Iowa Sept. 30, 2019) (declining to stay entry of judgment pending a decision by the Eighth Circuit Court of Appeals on the Appointments Clause issue).

## VI. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 17) to the Report and Recommendation (Doc. 16) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 16) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 30th day of January, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa